UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

―――――――――――――――――――――――――――――――――――

I GRIFFIN
(spiritually known as Isis Ariel Magdalah),

        Plaintiff,

v.                                                                                               Case No. 10-MC-16

WISCONSIN STATE GOVERNMENT
ACCOUNTABILITY BOARD, WISCONSIN BAR
ASSOCIATION, JUDGE THOMAS DONEAGAN,
JOHN DOES, and JANE DOES,

        Defendants.

―――――――――――――――――――――――――――――――――――

## ORDER

Pro se plaintiff I. Griffin, who asserts that she is also "spiritually known as Isis Ariel Magdalah," files an application for a writ of quo warranto and a motion for an intervention of right. Griffin's motion alleges that Milwaukee County Circuit Judge Thomas Donegan[1] is not qualified to hold his position because he did not take the federally required oath of office. The motion also challenges the requirement that an individual must have retained a law license for at least five years to run for Milwaukee County Circuit Court Judge. Finally, Griffin makes allegations against the Wisconsin Bar Association claiming that it has an unconstitutional monopoly on "judicial elections" and is "restricting and discouraging interstate commerce." Griffin's confusing motion suggests that her motivation for filing was her inability to

---

[1] The plaintiff names a "Thomas Doneagan" as the defendant in her action. However, the court assumes that she means the Honorable "Thomas Donegan," who is a Judge serving in the Milwaukee County Circuit Court.

run for Milwaukee County Circuit Court Judge against incumbent Judge Donegan. For the reasons discussed below, the court will deny her motion.

Quo warranto is an ancient and extraordinary remedy used to correct the "usurpation, mis-user, or non-user, of a public officer or corporate franchise." *United States ex rel. Wisconsin v. First Federal Savings & Loan Association*, 248 F.2d 804, 807 (7th Cir. 1957). The writ can be used to determine if an individual is in lawful possession of a public office, and then, if the official is not in lawful possession of the office, to oust that individual. *Heller v. CACL Federal Credit Union*, 775 F. Supp. 839, 843 n.7 (E.D. Pa. 1991). However, federal courts do not have original jurisdiction over quo warranto proceedings. *First Federal Savings*, 248 F.2d at 808-09. ("there is no original jurisdiction in the federal district courts to entertain a writ in the nature of quo warranto.").

Griffin's action must be dismissed because the court has no jurisdiction to entertain it. Further, even if the court did have jurisdiction, her action for quo warranto fails on the merits. Griffin argues that Judge Donegan does not properly hold his position because he never took the oath of office required by Section 8 of the Judiciary Act of 1789. However, this oath applies to federal judges and justices. Judge Donegan is a state court judge serving in the Milwaukee County Circuit Court. Therefore, Judge Donegan is not required to take the federal oath.

The court now turns to Griffin's request to intervene. Pursuant to Federal Rule of Civil Procedure 24, a court must permit a party to intervene when: 1) a federal statute gives the party an unconditional right to intervene; or 2) the party claims an

interest relating to the property or transaction that is the subject of the action. Fed. R. Civ. P. 24(a). A party filing such a motion must state the grounds for intervention and set out the claim for which intervention is sought. Fed. R. Civ. P. 24(c).

Griffin's request to intervene must be denied because she fails to specify any claim or action in which to intervene. A party cannot intervene in a non-existent suit. Indeed, the very definition of "intervene" is to become "third party to a legal proceeding begun by others for the protection of an alleged interest." Merriam-Webster Online, www.merriam-webster.com/dictionary/intervene (last visited April 19, 2010). Further, even if such an action existed, Griffin fails to establish that she merits an intervention of right under either of the requirements of the federal rule.

Griffin's statutory citations provide no further clarification or support for her request to intervene. She cites to 28 U.S.C. § 2403(c) and § 2072(b) in her motion; however, these statutes are inapplicable. Section 2403(a) is inapplicable because it permits intervention of the United States in a suit, not the intervention of a private individual such as Griffin. *See* 28 U.S.C. § 2403(a). Further, Section 2072(b) is inapplicable because it prohibits rules of procedure and evidence created by the United States Supreme Court from abridging, modifying or enlarging any substantive right. 28 U.S.C. § 2072(b). The statute is wholly unrelated to Griffin's attempt to intervene in a federal action.

In addition to her motions for a writ of quo warranto and intervention, Griffin also alleges that the Wisconsin Bar Association is an illegal monopoly that violates the separation of powers between the governmental branches. Griffin mentions the

Sherman Antitrust Act and the Clayton Antitrust Act, but does not specify which section of the respective acts the Wisconsin Bar Association violates. She neither adequately pleads the required elements for her claims, nor does she make any attempt to do so. Therefore, the court determines that these vague and unsupported claims fail.

Finally, Griffin requests at the close of her motion that the court issue a preliminary injunction staying the judicial election for Milwaukee County Circuit Court Branch 45. Alternatively, Griffin asks the court to declare the election results to be void. However, Griffin does not establish a viable basis for the court to order either type of relief.

Accordingly,

**IT IS ORDERED** that Griffin's application for a writ of quo warranto and motion to intervene (Docket #1) be and the same is hereby **DENIED** and the action is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge